UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

EKATERINA LISINA,

                     Plaintiff,

          -v-

AT&T BELL LABORATORIES,

                     Defendant.

25-MC-114 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      On March 19, 2025, Plaintiff Ekaterina Lisina filed a miscellaneous case asking the Court to issue a subpoena to Defendant AT&T Bell Laboratories ("AT&T") pursuant to the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. § 512(h). (ECF Nos. 1, 2.) This case revolves around the copying and dissemination of Lisina's exclusive content on OnlyFans by Discord users on a Discord server. (ECF No. 5 ("Mem.") at 1-2.) Lisina obtained a subpoena from this Court to serve Discord on July 12, 2024 (ECF No. 5-1 at 2), and Discord took down the infringing server (Mem. at 1). Lisina now asks the Court to issue a similar subpoena, pursuant to the same DMCA provisions, to AT&T because "[t]he only way [Lisina] can obtain the identities of potential defendants is through compelling the Internet Service Provider responsible for hosting the IP address to provide this to" Lisina. (Mem. at 2.)

      The Court ordered Lisina to provide confirmation that she had served AT&T with the notice required by the DMCA, 17 U.S.C. § 512(c)(3)(A) (ECF No. 4), and to clarify the basis for the Court's power to issue a subpoena against AT&T given the lack of an underlying action and the statutory requirements of the DMCA (*see* ECF No. 7). On May 15, 2025, Plaintiff filed a memorandum arguing that this Court has the power under the DMCA to issue a subpoena for a cellular network like AT&T because they alone could identify an alleged copyright infringer and,

1

alternatively, that the Court should issue a subpoena "under Rule 26(d)(1) and Rule 45." (Mem. at 5.)

Though the Second Circuit has yet to rule on this question, the Court agrees with the D.C. and Eighth Circuits that it lacks the power to issue a subpoena to a conduit Internet Service Provider ("ISP") like A&T in this circumstance where a plaintiff has not alleged that there is infringing material on the ISP's server. *See Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir. 2003); *In re Charter Commc'ns, Inc., Subpoena Enf't Matter*, 393 F.3d 771 (8th Cir. 2005).

First, the DMCA's safe harbor for "[t]ransitory digital network communications," like those delivered by AT&T, does not include a so-called "notice and take down provision" like the other safe harbors in the statute. *Compare* 17 U.S.C. § 512(a) with 17 U.S.C. §§ 512(b), (c), (d). Second, the notice required by Subsection 512(h), which is spelled out in Subsection 512(c)(3)(A), includes the requirement that the infringing material "be removed or access to which [be] disabled." *Id.* §§ 512(c)(3)(A)(iii). As the D.C. Circuit reasoned, if there is no material on an ISP's server to be removed, this subsection could not be satisfied, "which indicates to us that § 512(c)(3)(A) concerns means of infringement other than" AT&T's conduit role in the previous dissemination of this content. *See Recording Indus. Ass'n of Am.*, 351 F.3d at 1233-36.

The Court denies Lisina's alternate request because a court may not issue a Rule 45 subpoena if there is no underlying action. *See* Fed. R. Civ. P. 45 (a)(2). Lisina should instead commence a civil case against the John Doe infringers and then seek subpoenas pursuant to Rule 45.

For the foregoing reasons, Plaintiff's motion to issue a subpoena on AT&T is DENIED.

The Clerk of Court is directed to terminate the motion at Docket Number 2 and to close this case.

SO ORDERED.

Dated: May 21, 2025
       New York, New York

                                                  J. PAUL OETKEN
                                         United States District Judge